UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| 54-40 BREWING COMPANY LLC, a Washington limited liability company, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUCK INSURANCE EXCHANGE, a reciprocal insurance exchange,<br><br>Defendant. | No.:<br><br>NOTICE OF REMOVAL |

**NOTICE OF REMOVAL**

Defendant Truck Insurance Exchange ("Truck"), by its attorneys, gives notice of the removal of the above-captioned action (the "Action") from the Superior Court of the State of Washington in and for Thurston County to the United States District Court for the Western District of Washington, Tacoma Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for removal are set forth below.

**THE STATE COURT ACTION**

1.  On March 16, 2021, Plaintiff 54-40 Brewing Company LLC ("54-40" or "Plaintiff") filed its complaint (the "Complaint") against Truck in the Superior Court of

Clark County, captioned *54-40 BREWING COMPANY LLC, a Washington limited liability company, individually and on behalf of all others similarly situated*, Case No. 21-2-00492-06 (the "State Court Action").

2. 54-40 styled its Complaint as a class-action, purporting to represent a statewide class of similarly situated parties that seeks coverage under a property-insurance policy issued by Truck for alleged damages and losses incurred by businesses within the State of Washington resulting from directives issued by Washington Governor Jay Inslee and local civil authorities ("Orders") restricting operation of their businesses due to the COVID-19 pandemic.

3. 54-40 alleges that it represents classes of all persons and entities in the State covered by the same insurance policies issued by Truck who "sustained direct physical loss or damage to [their] business[es] as a direct, efficient, and proximate cause of the Orders" and for whose insurance claims Truck denied coverage. Ex. A. (Complaint) at ¶¶ 5.2, 5.3. 54-40 sets out four separate classes in its Complaint: (1) "Direct Physical Loss or Damage Class," (2) "Business Interruption Coverage Class," (3) "Extra Expenses Coverage Class," and (4) "Civil Authority Coverage Class." Ex. A at ¶¶ 5.2–5.5.

4. 54-40 asserts two claims for relief in its Complaint. Plaintiff first seeks a declaratory judgment that "Plaintiff and the members of the Classes are entitled to coverage under Defendant's insurance policy for the loss or damage described" in the Complaint, specifically regarding Direct Physical Loss or Damages, Business Interruption, Extra Expense, and Civil Authority. Ex. A. at ¶¶ 6.1–6.6.3. 54-40 also alleges that Truck breached its insurance contracts by denying 54-40's and the putative classes' insurance claims. Ex. A. at ¶¶ 7.1–7.5.

5. By way of relief, 54-40 seeks the following "Prayer for Relief" in its Complaint:

      a. "An order certifying this matter as a Class Action under CR 23."

      b. "On the First Claim for Relief, a declaration that Plaintiff and members of the proposed class are entitled to coverage under the Policy for the loss and/or damage described herein."

      c. "On the Second Claim for Relief, damages in an amount to be proven at trial."

      d. "Pre- and post-judgment interest at the maximum legal rate."

      e. "Attorney fees, costs, and disbursements pursuant to *Olympic S.S. Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 679 (1991)."

      f. "Such other relief as the Court deems just and proper."

6. On May 17, 2021, Truck timely answered the Complaint and asserted a counterclaim.

7. On May 21, 2021, Truck filed a Motion to Transfer Venue to Thurston County. In its motion, Truck noted that on January 21, 2021, two months before 54-40 filed the instant class-action lawsuit, plaintiff R2B2 LLC ("R2B2") filed a nearly identical class-action lawsuit in Thurston County asserting identical claims and seeking to represent putative class members who overlap substantively, if not completely, with those in 54-40. *See* Case No. 21-2-00091-34. Although the classes and sub-classes are defined using slightly different definitions, the legal and factual issues in each case are nearly identical. Because 54-40 purports to represent four statewide classes that are virtually identical to the eight putative classes set out in the class action already pending in Thurston County, Truck requested that the Court transfer this action from Clark County to Thurston County, so that it could seek to consolidate the two actions.

8. On July 9, 2021, Defendant's Motion to Transfer Venue was granted.

9. On August 4, 2021, the Thurston County Court issued a Notice of Assignment and Notice of Trial Setting Date, assigning this matter to The Honorable Mary Sue Wilson,

Case No. 21-2-01337-34, and noting a trial setting date of December 03, 2021.

10. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons, Truck's Answer and Counterclaim, Truck's Motion to Transfer Venue, and the Notice of Assignment and Notice of Trial Setting Date are attached to this Notice of Removal as Exhibits A, B, C, D and E, respectively.

11. Besides these documents, no other pleadings, process, or orders have been served upon Truck in the State Court Action.

## THE TACOMA DIVISION OF THE WESTERN DISTRICT OF WASHINGTON IS THE PROPER VENUE FOR THIS ACTION

12. 28 U.S.C. § 1446(a) requires a removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending."

13. This requirement is satisfied because Thurston County is within the Tacoma Division of the Western District of Washington. *See* 28 U.S.C. §§ 128, 1441(a), 1446(a).

14. Accordingly, the Tacoma Division of the Western District of Washington is the proper venue to hear this Action.

## TRUCK TIMELY FILED THIS NOTICE OF REMOVAL

15. 28 U.S.C. § 1446(b) provides that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

16. The case pleaded by 54-40's Complaint is not removable on its face. In its Complaint, 54-40 does not specify the amount of damages it seeks; 54-40 merely seeks unstated "damages in an amount to be proven at trial" as well as attorneys' fees and costs.

Ex. A at 13 (Prayer for Relief). Thus, Truck cannot determine whether the aggregate amount in controversy exceeds $5 million based solely on the pleading.

17. Truck contacted Plaintiff's counsel to confirm whether the amount in controversy exceeds $5 million, exclusive of interest and costs. On April 22, 2021, Plaintiff's counsel responded that 54-40 was "not currently in a position to make any representation regarding whether the damages exceed $5 million because [it] lack[s] sufficient information on the issue."

18. Truck then attempted to ascertain the amount in controversy through discovery by serving 54-40 the following interrogatory:

> "INTERROGATORY NO. 20: Identify precisely what [54-40] believe[s] to be the total amount in controversy in this action for Plaintiff and all Class Members, and describe in detail how [54-40] Identified, defined, calculated, and/or determined the total amount in controversy."

Ex. F (Truck's First Interrogatories and Requests for Production of Documents to Plaintiff) at 11.

19. On July 1, 2021, 54-40 served its responses and objections to Truck's first interrogatories and requests for production of documents. 54-40 answered Interrogatory No. 20 as follows:

> Plaintiff is *unable, at this time, to identify with precision its damages and the damages of the entire class* because discovery is ongoing. Plaintiff will promptly supplement its response to this Interrogatory as it is able to calculate with certainty its damages resulting from the direct physical loss outlined in these discovery responses. With respect to the total class damages, Plaintiff responds that discovery is ongoing and it will supplement its response to this Interrogatory as it uncovers additional information. The identity of additional class members is currently within the exclusive knowledge of Defendant and will be [sic] subject of discovery in this Lawsuit.

Ex. G (54-40's Responses and Objections to Truck's First Interrogatories and Requests for Production of Documents) at 15 (emphasis added).

20. As of the date of this filing, Plaintiff has yet to produce documents in this matter.

21. As discussed above at ¶ 7, 54-40 purports to represent four statewide classes that are virtually identical to the eight putative classes set out in R2B2, a class action already pending in Thurston County—regardless of the slight differences in wording between complaints. The result is that, if the classes are certified, the alleged class members in 54-40 will be the same class members in R2B2. Three examples (and there are more) illustrate the overlap of the two sets of classes. First, both 54-40 and R2B2 seek coverage for business losses under one or more "all risk" insurance policies issued by Truck. Ex. A, ¶ 4.1; Ex. H (R2B2 Complaint)., ¶ 7. Second, both plaintiffs allege that they and their purported class members sustained "physical loss" and "damage" to their properties as a result of the Orders. Ex. A, ¶ 4.8; Ex. H., ¶ 44. And third, both plaintiffs seek coverage for extra expenses incurred and loss of business income, also as a direct result of the Orders. Ex. A, ¶ 4.10; Ex. H., ¶ 55.

22. On July 16, 2021, R2B2 produced its first set of documents in Case No. 21-2-00091-34. In that production, R2B2 produced papers, marked confidential, containing information establishing that the amount in controversy for this class action exceeds $5 million.[1] *See* Ex. I (Defendant's Declaration Regarding Plaintiff's Claimed Damages).

23. In its Complaint, 54-40 alleges that Truck has denied similar claims for similarly situated policyholders. It further alleges that the purported class members number in the "hundreds, if not thousands." Ex. A at ¶ 5.7. By its allegations, R2B2 would fall within the class definitions used in the 54-40 Complaint in addition to being the representative for the eight classes alleged in the R2B2 Complaint and would thus be similarly situated to the

---

[1] Defendant has not attached these documents or disclosed the contents of these documents because they were marked confidential by R2B2. Defendant will file these documents with the Court under seal if needed.

class members in this lawsuit.

24. After Truck received R2B2's July 16, 2021, document production it concluded that the amount in controversy here exceeds CAFA's $5 million jurisdictional threshold. Thus, Truck timely filed this Notice of Removal within 30 days of receiving an "other paper from which it may first be ascertained that the case is one which is or has become removable."

25. Accordingly, removal of the State Court Action is timely under 28 U.S.C. § 1446(b).

**THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER THIS ACTION**

26. This Court has jurisdiction over this Action pursuant to the Class Action Fairness Act ("CAFA") of 2005. CAFA permits removal of putative class actions pending in state court if "[1] the class has more than 100 members, [2] the parties are minimally diverse, and [3] the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014); *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015) (quoting *id.*); *see also* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(b). To remove under CAFA, "a defendant's notice of removal need include only a plausible allegation" that these requirements are met. *Dart*, 574 U.S. at 89. CAFA's jurisdictional elements are all met here.

<u>The Putative Class Size Exceeds 100 Members</u>

27. CAFA requires that the putative class size encompass at least 100 potential class members. 28 U.S.C. § 1332(d)(5)(B).

28. 54-40 alleges in its Complaint that "the number of members in the proposed Class is in the *hundreds, if not thousands*." Ex. A. at ¶ 5.7 (emphasis added).

29. As defined and described by 54-40, the putative class members exceed 100 members, thus satisfying the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B).

<u>Minimal Diversity of Citizenship Exists</u>

30.  CAFA's minimal-diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020).

31.  According to the Complaint, 54-40 is a limited liability company that owns and operates a brewery and restaurant commonly known as 54-40 Brewing located at 3801 S Truman Rd., Suite 1, Washougal, Washington 98671. Ex. A. at ¶ 2.1. For purposes of diversity, the citizenship of a limited-liability company is determined by the citizenship of all of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). On information and belief, and as listed on the State of Washington's Secretary of State's website (at https://www.sos.wa.gov), the members of 54-40—Bolt Minister and Amy Minister—are citizens of the State of Washington. 54-40, therefore, is a citizen of the State of Washington only.

32.  Truck is not a citizen of the State of Washington. Truck is a reciprocal or inter-insurance exchange. Therefore, it is considered an "unincorporated association" as Congress uses that term in 28 U.S.C. § 1332(d)(10). *Cady v. Am. Fam. Ins. Co.*, 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) (holding that "reciprocal insurance exchanges … are unincorporated associations"). Pursuant to § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Truck is organized under the laws of California with its principal place of business in California. Ex. A at ¶ 2.2. It is therefore a citizen of the State of California.

33.  Because 54-40, a member of each of the putative classes, is a citizen of the State of Washington, and Defendant Truck is a citizen of the State of California, CAFA's minimal-diversity requirement is satisfied.

<u>The Aggregate Amount in Controversy Exceeds $5 Million</u>

34. To ascertain the amount in controversy for CAFA jurisdiction, the alleged claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

35. "[A] defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89 (emphasis added). "By design," the Supreme Court explained, "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 87. Thus, "when a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*

36. As discussed above in Paragraph 16, the Complaint does not specify the amount of 54-40's alleged damages.

37. However, as discussed above in Paragraphs 7 and 20, R2B2 is a nearly identical class-action lawsuit in Thurston County asserting identical claims and seeking to represent putative class members who overlap substantively, if not completely, with those in this case. *See* Ex. H, Case No. 21-2-00091-34. Accordingly, the same analysis utilized in R2B2 to tabulate damages can be used to tabulate the damages of similarly situated class members in 54-40, and thereby reasonably ascertain the amount in controversy in this current matter.

38. The confidential documents contained in R2B2's document production establish that, if the named Plaintiff's damages are representative of similarly situated class members, the $5 million jurisdictional threshold would be met by a class pool far below 100 persons.

39. Where, as here, 54-40 seeks to represent Classes containing "hundreds, if not thousands" of members across the State of Washington, Ex. A at ¶ 5.7, the aggregate amount in controversy far exceeds the $5 million jurisdictional threshold.

40. Moreover, 54-40 seeks attorneys' fees. The amount in controversy includes the potential award of attorneys' fees. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (analyzing amount-in-controversy requirement under CAFA). Thus, assuming for purposes of removal only that 54-40 might recover reasonable attorneys' fees in this Action, which Truck expressly disputes, 54-40's prayer for such attorneys' fees increases the aggregate amount in controversy in this Action.

41. Therefore, on information and belief, tabulating the potential amount in controversy for the putative classes 54-40 seeks to represent, the aggregate amount alleged to be in controversy in this Action exceeds CAFA's $5 million jurisdictional threshold, rendering this matter removeable.

42. For the reasons set forth above, removal of this State Court Action is proper under CAFA.

43. Pursuant to § 1446(d), Truck will serve this Notice of Removal on counsel of record for 54-40, Nicholas A. Thede, Kyle A. Sturm, Nick A. Kahl, and Craig Lowell.

44. Also pursuant to § 1446(d), Truck will file a copy of this Notice of Removal with the clerk of the court for Thurston County.

45. Nothing in this Notice of Removal constitutes a waiver or admission of any allegation, defense, argument, or principle of equity available to Truck.

//

//

DATED: August 13, 2021

BULLIVANT HOUSER BAILEY PC

By /s/ Ronald J. Clark
Ronald J. Clark, WSBA #43534
E-mail: ron.clark@bullivant.com

By /s/ Jared F. Kiess
Jared F. Kiess, WSBA #54532
E-mail: jared.kiess@bullivant.com

Attorneys for Truck Insurance Exchange

HOGAN LOVELLS US LLP

By _____
Christopher Cox, CA Bar #151650 (admitted *pro hac vice* in Thurston County)
E-mail: chris.cox@hoganlovells.com
Vanessa Wells, CA Bar #121279 (admitted *pro hac vice* in Thurston County)
E-mail: vanessa.wells@hoganlovells.com
Joseph Spoerl, CA Bar #330245 (admitted *pro hac vice* in Thurston County)
E-mail: joseph.spoerl@hoganlovells.com
4085 Campbell Ave., Suite 100
Menlo Park, CA 94025
Tel. (650) 463-4000

Andrew Lillie, CO Bar #34555 (admitted *pro hac vice* in Thurston County)
E-mail: andrew.lillie@hoganlovells.com
Cory Wroblewski, CO Bar #52383 (admitted *pro hac vice* in Thurston County)
E-mail: cory.wroblewski@hoganlovells.com
1601 Wewatta St., Suite 900
Tel. (303) 899-7339

Attorneys for Truck Insurance Exchange

4825-3353-3174.1

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to the persons listed below:

| | |
|---|---|
| Nicholas A. Thede<br>Kyle A. Sturm<br>FOREMAN STURM & THEDE, LLP<br>3424 NE Bryce Street<br>Portland, OR 97212<br>Email: nick.thede@foremansturm.com<br>       kyle.sturm@foremansturm.com<br>       david.delmar@foremansturm.com<br><br>*Attorneys for Plaintiff* | ☐ via hand delivery.<br>☐ via first class mail.<br>☐ via email<br>☒ CM/ECF E-service |
| Nicholas A. Kahl, (pro hac vice pending)<br>NICK KAHL, LLP<br>209 SW Oak Street, Suite 400<br>Portland, OR 97204<br>Email: nick@nickkahl.com<br><br>*Attorneys for Plaintiff* | ☐ via hand delivery.<br>☐ via first class mail.<br>☐ via email<br>☒ CM/ECF E-service |
| Craig Lowell, (pro hac vice pending)<br>WIGGINS CHILDS PANTAZIS FISHER GOLDFARB, LLC<br>301 19th Street North<br>Birmingham, AL 35203<br>Email: clowell@wigginschilds.com<br><br>*Attorneys for Plaintiff* | ☐ via hand delivery.<br>☐ via first class mail.<br>☐ via email<br>☒ CM/ECF E-service |

Dated:  August 13, 2021.

*/s/ Kristin Anderson*
Kristin Anderson, Legal Assistant