UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

54-40 BREWING COMPANY LLC,

                    Plaintiff,

        v.

TRUCK INSURANCE EXCHANGE,

                    Defendant.

CASE NO. C21-5586 BHS

ORDER

THIS MATTER is before the Court on Plaintiff 54-40 Brewing Company LLC's Motion to Remand, Dkt. 26. 54-40 operates a brewery and restaurant in Washougal, Washington. It purchased from Defendant Truck Insurance Exchange ("TIE") what it describes as an "all risk" business property insurance policy. Complaint, Dkt. 1-1 at 4.

54-40 sued in Clark County Superior Court on March 16, 2021. It alleges that, as the result of COVID-19 and the Governor of Washington's responsive proclamations and orders limiting various business and social activities, it suffered business income losses covered under its TIE policy. It alleges that it "sustained direct physical loss or damage caused by the Governor's Orders." *Id*. at 5. 54-40 made a claim under the policy for losses allegedly covered by the policy's business income, extra expense, and civil

1  authority coverages. *Id.* at 7. 54-40 alleges that TIE "cursorily denied" its claim and

2  similarly denied similar claims made by similarly impacted insureds under similar TIE

3  insurance policies. *Id.* It seeks to represent four classes of similarly situated insureds and

4  seeks declaratory judgments that the losses are covered under the TIE policies. *Id.* 54-40

5  alleges that the number of class members is "in the hundreds, if not thousands," *id.* ¶ 5.7,

6  and that the classes' aggregate losses are "likely to be in the millions of dollars," *id.*

7  ¶ 5.13.

8        TIE removed the case to this Court five months later, on August 13, 2021. Dkt. 1.

9  It asserted that the amount in controversy was not ascertainable from the face of the

10  Complaint and that it had propounded discovery seeking to determine whether the case

11  was removable under the Class Action Fairness Act ("CAFA"), which makes a class

12  action removable when the amount in controversy exceeds $5 million and the class

13  contains more than 100 members. *See* 28 U.S.C. § 1332(d)(2).

14        TIE's notice of removal asserts (and demonstrates) that 54-40 did not answer

15  interrogatories seeking to identify the amount in controversy and refused to produce any

16  documents. Dkt. 1 at 6. TIE asserts that the classes described in 54-40's Complaint are

17  virtually identical to those in a prior, similar class action, *R2B2 LLC v. Truck Insurance*

18  *Exchange*, Cause No. 21-cv-5585 BHS (W.D. Wash.). That case was filed in Thurston

19  County in January 2021, and TIE removed it to this Court the same day it removed this

20  case. *Id.*

21        TIE alleges that it removed both cases because it obtained, on July 16, 2021,

22  R2B2's production of confidential documents demonstrating that it had suffered losses so

ORDER - 2

large that CAFA's jurisdictional minimum would be met if the class had only 25 similarly situated members. Dkt. 1. TIE's August 13, 2021 Notice of Removal did not specifically describe the nature of the confidential documents it received, and it did not attach them. *Id*.

54-40 seeks remand, arguing that TIE's removal was defective because it provided "no evidence" in support of its claim that the amount in controversy exceeds CAFA's $5 million jurisdictional minimum. Dkt. 26 at 2. It argues that the information TIE obtained from R2B2 is not "other paper" upon which it may rely to remove under 28 U.S.C. § 1446(b)(3). 54-40 argues that TIE's "proffered evidence" is legally insufficient and that there is no proof that the amount in controversy is met. Dkt. 26 at 1. It asks the Court to remand the case to Clark County and award it attorneys' fees. *Id*.

## I.   DISCUSSION

Putative class actions are removable under CAFA when the aggregate amount in controversy exceeds $5,000,000 for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). There is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court."). Under CAFA, the removing defendant retains the obligation to demonstrate by a preponderance of the evidence that the jurisdictional amount in controversy is met in order to sustain its removal in the face of a motion to remand. *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

1    Though the burden remains with the defendant, it is not a daunting one. Under this

2    standard, a removing defendant is not obligated to completely "research, state, and prove

3    the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

4    1199, 1204–05 (E.D. Cal. 2008) (citing and quoting *McCraw v. Lyons*, 863 F. Supp. 430,

5    434 (W.D. Ky. 1994)). The appropriate measure of the amount in controversy must be

6    based on reasonable assumption. "[A] removing defendant is not required to go so far as

7    to prove Plaintiff's case for him by proving the actual rates of violation." *Unutoa v.

8    Interstate Hotels & Resorts, Inc.*, No. 2:14-cv-09809-SVW-PJW, 2015 WL 898512, at *3

9    (C.D. Cal. Mar. 3, 2015).

10    Under 28 U.S.C. § 1446(b), a case may be removed in two different 30-day

11    windows. The first requires a party to file the notice of removal within thirty days of

12    receipt of the initial pleading or summons. 28 U.S.C. § 1446(b)(1). However, "[i]f no

13    ground for removal is evident in the initial pleading, the second thirty-day window to

14    remove an action commences when the defendant receives 'an amended pleading,

15    motion, order, *or other paper*' from which it can be ascertained from the face of the

16    document that removal is proper." *Cleveland v. W. Ridge Acad.*, No. 1:14-CV-01825-

17    SKO, 2015 WL 164592, at *3 (E.D. Cal. Jan. 13, 2015) (emphasis added) (citing 28

18    U.S.C. § 1446(b)(3)). Discovery responses qualify as "other paper" triggering the second

19    30-day window, *see Grazia v. Safeco Ins. Co. of Ill.*, No. C17-1130-JCC, 2017 WL

20    4803921, at *2 (W.D. Wash. Oct. 25, 2017), as do settlement demands, *see Cohn v.

21    Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

22

1    The issue is whether TIE has met its burden of demonstrating that the amount in

2    controversy exceeds $5 million.

3    54-40 argues that that the information TIE obtained from another plaintiff in

4    another case is not "other paper" upon which it may rely to remove under 28 U.S.C.

5    § 1446(b)(3). It claims the only case on the subject that it located is *Dalton v. Walgreen*

6    *Co.*, which came out the other way. Dkt. 26 at 4 (citing *Dalton v. Walgreen Co.*, 721 F.3d

7    492 (8th Cir. 2013)). There, the Eighth Circuit held that the defendant's attorney's receipt

8    of written discovery responses from the plaintiff in a different class action asserting

9    similar claims against a different defendant (the attorney happened represent both

10   defendants) was not "other paper" for purposes of § 1446(b)(3), and Walgreens had no

11   statutory basis for its removal. *Dalton*, 721 F.2d at 493–94. 54-40 emphasizes that it has

12   not produced any documents to TIE.

13   TIE argues that it is not required to "prove" the amount in controversy to validly

14   remove a class action; it instead is required only to provide a short, plain statement of the

15   grounds for removal, consistent with the pleading requirements of Federal Rule of Civil

16   Procedure 8(a). Dkt. 28 at 2 (citing *Dart Cherokee*, 573 U.S. at 84). It accurately points

17   out that 54-40 does not actually challenge its conclusion that the amount in controversy is

18   met, and that even if it had, TIE now supplies the evidence upon which it based its

19   removal, and its good faith reasoning about the amount in controversy is sound and

20   plausible. *Id.* 54-40's motion focuses on the propriety of relying on a document produced

21   by a different plaintiff in a different case; it does not challenge the timeliness of removal,

22   and it does not claim that the amount in controversy is less than $5 million. Dkt. 26.

TIE's response to 54-40's Motion to Remand, Dkt. 28, explains the confidential document it received was a "PPP loan forgiveness application" reflecting that insured non-party class member R2B2 obtained a $236,200 PPP loan in April 2020 to cover payroll expenses for nineteen employees through September 2020. *See* Kiess Decl., Dkts. 29 and 29-6 (Ex. F). From that information, TIE deduced that the amount in controversy would be met if there were only 25 class members, far fewer than the "hundreds" R2B2 alleged.

TIE alleges that it sought to obtain permission from counsel in *R2B2* and this case allowing it to share the document it obtained from R2B2 with 54-40's counsel, and R2B2 refused, threatening to report TIE to the insurance commissioner's office if it did. Dkt. 29 at 2. On September 24, 2021, TIE sought publicly available information about PPP loans obtained by plaintiffs in both cases, R2B2 and 54-40, and learned that that 54-40 obtained two PPP loans, totaling $249,618. Dkt. 28 at 7 (citing Kiess Decl. at Dkt. 29-6 (Ex. F)). It also discovered the other insured class member asserting a business interruption claim under a similar TIE policy, R2B2, obtained *two* $236,200 PPP loans, for a total of $472,400. *Id*.

Thus, it argues, the claims of just *two* of the "hundreds if not thousands" of class members place more than $720,000 in controversy, and if they are indeed representative of or similar to the losses suffered by other insured class members, the amount in controversy would be satisfied with a class of only *seven* members. Dkt. 28 at 14.

As to its ability to rely on information that was not produced or pled by the plaintiff in this case, TIE argues persuasively that *Dalton* was decided before *Dart*

1    *Cherokee*, that (unlike this case) it involved different defendants, and that it has never

2    been cited by the Ninth Circuit. Dkt. 29 at 10. TIE argues that its removal was based on

3    reasonable assumptions and competent evidence, and that its removal was proper.

4         54-40 responds that the receipt of confidential information that triggered TIE's

5    search of the public record for information about 54-40's and R2B2's PPP loans is not

6    competent proof of the amount in controversy. It argues that TIE has still not cited one

7    case to support its position that discovery in the R2B2 case is or can be "other paper"

8    upon which TIE can base its removal of this case. It suggests that "other paper" is

9    restricted to information "generated within the specific state proceeding which has been

10   removed." Dkt. 31 at 2 (citing *Lozan v. GPE Controls*, 859 F. Supp. 1036 (S.D. Tex.

11   1994) (internal citations omitted)).

12        The Court notes that plaintiff R2B2 argued that TIE'S removal in the other case

13   was untimely because TIE (and not R2B2) had the ability to review its claims files and

14   ascertain the amount in controversy from the claims made by other insured class

15   members, like 54-50, to ascertain what the amount in controversy was, and that it should

16   have done so. *See R2B2 LLC*, Cause No. 21-cv-5585 BHS, Dkt. 21 at 4.

17        54-40 takes the opposite tack. It essentially argues that information gleaned from a

18   source other than the plaintiff in the state court action is not evidence supporting removal

19   as a matter of law. The Court concedes that such a rule would be a bright line and would

20   be perhaps easier to apply, though it would inevitably lead to the late and therefore

21   inefficient removal of class actions where a plaintiff class representative wanting to

22   remain in state court would be incentivized to refuse to articulate the amount of its own

or the class's damages for as long as possible. In any event, that is not the rule in the Ninth Circuit.

While a defendant has no duty to look beyond the initial pleading for facts giving rise to removability, *see Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013), it also *may* ascertain the amount in controversy on its own. "[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). This is not a remarkable conclusion, though there are opinions in other circuits declining to follow it. Parties often engage experts, for example, to opine about the amount in controversy, which is consistent with the rule that when the amount is disputed in a motion to remand, each party may submit "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

54-40's motion is based on the argument that TIE cannot yet know how much is at stake in this class action. That argument is not persuasive. As it did *R2B2*,[1] the Court concludes that TIE has met its burden of providing competent proof that the amount in controversy likely exceeds $5 million, by large margin. This assertion is based on good

---

[1] TIE's pending motion to consolidate the two cases, Dkt. 23 in *R2B2*, will be addressed in a separate Order.

1   faith, and plausible and logical assumptions and conclusions. The fact that its removal

2   was based on information provided by a class member who is not the named plaintiff in

3   this action does not alter that conclusion.

4           Plaintiff 54-40's Motion to Remand and for attorneys' fees, Dkt. 26, is **DENIED.**

5           IT IS SO ORDERED.

6           Dated this 28th day of December, 2021.

7

8   _____

9   BENJAMIN H. SETTLE
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22